HERBERT C. GILSON ET AL., RECEIVERS, PLAINTIFFS IN
ERROR, v. J. CHARLES APPLEBY, DEFENDANT IN
ERROR.

Argued July 7, 1911—Decided November 21, 1911.

A contract between a corporation and a stockholder that stock issued
to the latter for property purchased shall be unassessable for the
benefit of creditors of the corporation, the stock being, to the
knowledge of both parties, in excess of the value of the property,
contravenes the prohibition of our Corporation act, and is void.
Being so it presents no obstacle to a proceeding by the receiver
of such corporation brought to compel the stockholder to make
contribution for the purpose of paying its debts. *Easton National
Bank* v. *American Brick and Tile Co.,* 4 *Robb.* 722, approved.

On error to the Supreme Court, whose opinion is reported
in 51 *Vroom* 542.

For the plaintiffs in error, *Merritt Lane.*

For. the defendant in error, *Hartshorne, Insley & Leake.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This suit was begun by a writ
of attachment sued out of the Circuit Court of Hudson county.
That court quashed the writ upon the ground that the alleged
debt sworn to in the affidavit on which the writ issued was in
the nature of a claim for unliquidated damages, it being a lia-
bility imposed by the Corporation act upon the defendant as
a stockholder of the J. C. Appleby Sand and Clay Company, to
respond to the plaintiffs as receivers of that corporation for the
unpaid amount of his stock subscriptions for the purpose of
paying debts of the corporation.   Upon *certiorari* sued out to
review the validity of this order of the Circuit Court there was
an affirmance, and this writ of error challenges the soundness
of the conclusion reached by the Supreme Court.   We concur
in that conclusion, and for the reasons set out in the opinion

delivered by that court, with which we are entirely satisfied, except in one particular which we now point out.

The opinion, after reciting that where a corporation issues a certificate of stock for property purchased, and such certificate contains a provision that the stock is fully paid and unassessable, it constitutes a contract between the corporation and the shareholder, then intimates (as we understand) that in case the corporation afterwards becomes insolvent such shareholder, even though the stock issued to him was known by both parties to be in excess of the value of the property purchased, cannot be called upon by the receiver to make contribution for the purpose of paying the debts of the corporation until that officer has, by proper proceedings, procured an annulment of the contract.

In the case of *Easton National Bank* v. *American Brick and Tile Co.,* 4 *Robb.* 722, this court pointed out (page 728 of opinion) that such a contract contravened the prohibition of the Corporation act, and was not merely voidable but void. We accordingly held that such a contract could not be laid hold of by either party as a ground of action or a ground of defence; that no bill or other original proceeding was necessary to procure an adjudication of its nullity; and that, in a proceeding by a receiver to enforce the liability of stockholders for the unpaid portion of their subscriptions, the court was at liberty, upon ascertaining the facts that rendered the contract void, to treat it as affording no obstacle to the granting of the relief sought by the receiver. The view there expressed was reached after full consideration, and we see no reason for departing from it.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 10.

*For reversal*—None.